UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE SANTIAGO-CIFUENTES,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 1:26-cv-7807-DAD-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner entered the United States without inspection in July 2006 and has lived in this country since then. On July 21, 2026, immigration authorities detained petitioner following his local arrest for misdemeanor domestic violence. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention without a bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be provided a bond hearing.

**Background**

Petitioner entered the United States without permission in July 2006 and has lived in this country for over twenty years. ECF No. 1 at 2. On July 16, 2026, local police arrested petitioner for a misdemeanor related to domestic violence.[1] ECF No. 7-3 at 4. Immigration officers

[1] The Form I-213 completed by an immigration officer states that petitioner was arrested on July 19, 2026, for "False Alarm." ECF No. 7-1 at 2. Petitioner's rap sheet states that he was

responded to the jail and took petitioner into immigration custody on July 21, 2026. *Id.* at 2. On September 28, 2026, after petitioner filed this habeas petition, an immigration officer determined that petitioner would be detained without bond. ECF No. 7-3 at 1. Petitioner requested a review of this custody determination by an immigration judge, and respondents concede that this request should have triggered a bond hearing, but there is no indication that a bond hearing has been held. ECF No. 7.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that he is being mandatorily detained in violation of immigration law and due process.[2] ECF No. 1 at 5, 26-27. Petitioner alleges that he is "being held under mandatory

---

arrested on July 16, 2026, for a misdemeanor assault on a family member. ECF No. 7-5 at 4. It appears that a prosecutor filed a misdemeanor assault charge on August 24, 2026, which is pending. *Id.* at 5.

[2] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

Further, petitioner has moved for the appointment of counsel. *See* ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

detention without a bond hearing," and that if he requested a bond hearing, the immigration judge would "deny bond for lack of jurisdiction."[3] ECF No. 1 at 5. Although respondents do not state under what authority ICE detained petitioner in July 2026, they do not contest petitioner's allegation that he is being mandatorily detained as an "arriving alien."[4] ECF No. 7. Accordingly, I find that petitioner has been detained under 8 U.S.C. § 1225(b)(2)(A).

However, respondents now concede that the proper authority for petitioner's detention should have been section 1226(a). *See* ECF No. 7. In *Rodriguez Vazquez*, the Court of Appeals held that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), applies to noncitizens like petitioner who entered without inspection and then are detained by ICE in the interior of the United States. *Rodriguez Vazquez*, 183 F.4th at 1165.[5] "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release or a bond hearing. ECF No. 1 at 30-31. Respondents state that they have no opposition to a bond hearing being ordered. ECF No. 7 at 1.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). The Court has also observed, however, that "release need not be the exclusive

---

[3] In *Matter of Yajure Hurtado*, the BIA held that immigration judges lack jurisdiction to hear a request for bond where the noncitizen is detained under section 1225(b)(2)(A). 29 I. & N. Dec. 216, 228-29 (BIA 2025).

[4] The fact that a deportation officer conducted a delayed custody determination under 8 C.F.R. § 236.1 on September 28, 2026, months after petitioner's arrest, *see* ECF No. 7-3 at 1, indicates that ICE did not originally detain petitioner under section 1226(a).

[5] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41. This holding accords with seven other Courts of Appeals. *See Guerrero Orellana v. Moniz*, 188 F.4th 1, 14 (1st Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 305 (3d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026).

remedy and is not the appropriate one in every case in which the writ is granted." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008). "Indeed, common-law habeas corpus was, above all, an adaptable remedy. Its precise application and scope changed depending upon the circumstances." *Id.*; *see also Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (The federal habeas statute "does not limit the relief that may be granted to discharge of the applicant from physical custody.").

In analogous circumstances, courts in this Circuit have ordered both forms of relief. Some courts have found that a bond hearing is the proper remedy. *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) ("The Court finds that the specific harm Rodriguez alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a) and enjoining Defendants from denying bond on the basis that he is detained under Section 1225(b)(2)."). Other courts have held that release is the proper remedy. *See Feng v. Lyons*, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.").

Under the circumstances presented, I find that a bond hearing is proper. The harm suffered by petitioner—not receiving the bond hearing to which he is statutorily entitled—is remedied by providing that hearing. *See Rodriguez*, 779 F. Supp. 3d at 1263. Moreover, *Feng* is distinguishable from the instant action. There, the court found "no indication . . . of prima facie evidence that Petitioner could be found to be a risk of flight or a danger to the community." *Feng*, 2026 WL 472635, at *1. The same cannot be said here. As noted, petitioner was arrested and charged with misdemeanor domestic violence. ECF No. 7-5 at 4-5.

While this evidence might prove insufficient for the immigration judge to deny bond, it is sufficient to support the finding that "due process is satisfied if [p]etitioner is provided with a post-deprivation bond hearing." *See Archundia v. Wofford*, No. 1:26-cv-1452-DJC-CSK, 2026 WL 607977, at *2 (E.D. Cal. Mar. 4, 2026) (finding a bond hearing to be the proper remedy where petitioner was previously arrested for "allegedly engaging in prostitution") (citing *J.S.H.M.*, 2025 WL 2938808, at *15-16).

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Within seven days of this order, petitioner (A-Number: 222-558-482) shall be provided a bond hearing before a neutral adjudicator pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. Within 24 hours of the filing of the court's order, respondents shall personally serve petitioner with the order and file proof of such service on the docket.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE